IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SAMMY C. MOORE, JR., | ) | CASE NO. 3:17CV130 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| NEIL TURNER, | ) | |
| | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Respondent. | ) | |

Petitioner Sammy Moore, Jr., ("Petitioner" or "Moore") brings this habeas corpus action pursuant to 28 U.S.C. § 2254. Doc. 1. Moore is detained at the North Central Correctional Complex, having been found guilty by the Lucas County, Court of Common Pleas, following a bench trial, of one count of aggravated robbery. *State v. Moore*, Case No. G-4801-CR-0201501750-000 (Lucas Cty. Common Pleas Ct., filed July 8, 2015). At sentencing, the trial court sentenced Moore to 8 years in prison. Doc. 7-1, p. 8.

On January 9, 2017, Moore filed his Petition for Writ of Habeas Corpus setting forth two grounds for relief. Doc. 1, pp. 5-7. This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to Local Rule 72.2. As set forth more fully below, Moore's grounds for relief fail on the merits. Thus, the undersigned recommends that Moore's Petition for Writ of Habeas Corpus (Doc. 1) be **DENIED.**

**I. Background**

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, the state court's factual findings are presumed correct. 28 U.S.C. § 2254(e)(1). The petitioner has the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Railey v. Webb*, 540 F. 3d 393, 397 (6th Cir. 2008).

1

### A. State Court Action

#### 1. Underlying Facts

The following summary of underlying facts is taken from the opinion of the Lucas County Court of Appeals, Sixth Appellate District of Ohio:[1]

> {¶ 4} Br.J., testified that she was patrolling the aisles in the [Family Dollar] store on the morning of April 26, 2015, when she witnessed appellant place a can of body spray inside his shirt. Initially, Br.J. asked appellant to give her back what he put inside his shirt, but appellant insisted that he did not steal anything. Br.J. then instructed appellant to leave the store. Appellant refused to leave, insisting that he was entitled to remain in the store. This continued until Br.J. threatened to call the police if appellant did not leave the store. At that point, appellant began walking toward the exit. Once appellant reached the front of the store, he passed through the first exit door, beyond all points of purchase, and stopped in the vestibule. While standing in the vestibule, appellant removed the can of body spray from inside his shirt and gave it to Br.J. Br.J. then demanded that appellant vacate the premises, at which point she turned around and walked back into the store. Ignoring Br.J.'s instruction, appellant followed Br.J. back into the store. When Br.J. accused appellant of possessing other stolen items, appellant pulled a box cutter from his pocket and said, "Bitch, I'll be waiting for you when you get off work." According to Br.J.'s testimony, appellant's behavior was threatening, causing her to become so scared that she was forced to transfer to a different store. Br.J. responded by dialing 911.

*State v. Moore*, 2016 WL 3403320, at *1 (Ohio Ct. App. June 17, 2016).

#### 2. Procedural History

On May 5, 2015, a Lucas County grand jury charged Moore with one count of aggravated robbery, Ohio Rev. Code § 2911.01(A)(1). Doc. 7-1, pp. 3-4. Moore, through counsel, pleaded not guilty. Doc. 7-1, p. 6. Moore waived his right to a jury trial (Doc. 7-1, p. 7), and, following a bench trial, the trial court found Moore guilty and sentenced him to 8 years in prison. Doc. 7-1, p. 8.

### B. Direct Appeal

---

[1] Moore has not demonstrated by clear and convincing evidence that the state court's findings were incorrect. Accordingly, the state court's findings are presumed correct. *See* 28 U.S.C. § 2254(e)(1); *see also Railey*, 540 F. 3d at 397.

On August 7, 2015, Moore, through new counsel, appealed to the Ohio Court of Appeals. Doc. 7-1, p. 10. In his brief, he raised the following assignment of error:

> 1. The state presented insufficient evidence to convict appellant of robbery, in violation of R.C. 2911.02(A)(1).

Doc. 7-1, p. 23. On June 17, 2016, the Ohio Court of Appeals affirmed the trial court's judgment. Doc. 7-1, pp. 49-57.

### C. Motion for Delayed Appeal

On August 18, 2016, Moore, pro se, filed a notice of appeal and a motion for a delayed appeal to the Ohio Supreme Court. Doc. 7-1, pp. 58, 60. Moore stated that he did not receive notice of the Court of Appeals' decision until July 26, 2016, and that he was unable to obtain records and transcripts from his appellate counsel. Doc. 7-1, p. 61. On October 26, 2016, the Ohio Supreme Court summarily denied Moore's motion and dismissed the case. Doc. 7-1, p. 73.

### D. Federal Habeas Petition

On January 9, 2017, Moore, pro se, filed his Petition for a Writ of Habeas Corpus. Doc. 1. He listed the following grounds for relief:

> **Ground One**: The Defendant-Appellant[']s United States Constitution Fourteenth Amendment right was violated when the Appellate Court affirmed the Trial Court[']s judgment of conviction and sentence.
>
> **Supporting Facts:** The Appellate Court failed to follow the mandates of the rulings handed down by the United States Supreme Court under *Jackson v Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560.
>
> **Ground Two**: The Defendant-Appellant[']s United States Constitution Fourteenth Amendment right was violated when the State failed to present sufficient evidence to prove every clement of the crimes charged beyond a reasonable doubt as mandated by the ruling in *Jackson v Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560.
>
> **Supporting Facts:** The state did not present any exculpatory evidence that Petitioner had in fact threatened any employees of the store. In fact the two employees that confronted the Petitioner had conflicting stories.
>
> Evidence presented at trial does not establish every element of the crimes charged.

Doc. 1, pp. 5-7. On June 5, 2017, Respondent filed a Return of Writ. Doc. 7. Moore filed a Traverse on August 11, 2017. Doc. 9.

## II. Standard of Review under AEDPA

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner must meet certain procedural requirements in order to have his claims reviewed in federal court. *Smith v. Ohio Dep't of Rehab. & Corr.,* 463 F.3d 426, 430 (6th Cir. 2006). "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." *Daniels v. United States*, 532 U.S. 374, 381 (2001). Although procedural default is sometimes confused with exhaustion, exhaustion and procedural default are distinct concepts. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). Failure to exhaust applies when state remedies are "still available at the time of the federal petition." *Id.* at 806 (quoting *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982)). In contrast, when state court remedies are no longer available, procedural default rather than exhaustion applies. *Williams*, 460 F.3d at 806.

**Exhaustion.** A federal court may not grant a writ of habeas corpus unless the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A). A state defendant with federal constitutional claims must fairly present those claims to the state courts before raising them in a federal habeas corpus action. 28 U.S.C. § 2254(b), (c); *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor*, 404 U.S. 270, 275–76 (1971); *see also Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006) (quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003)) ("[f]ederal courts do not have jurisdiction to consider a claim in a habeas petition that was not 'fairly presented' to the state courts"). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation

4

requirement.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845-48 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  In order to satisfy the fair presentation requirement, a habeas petitioner must present both the factual and legal underpinnings of his claims to the state courts.  *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).  This means that the petitioner must present his claims to the state courts as federal constitutional issues and not merely as issues arising under state law.  *See, e.g.*, *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987); *Prather v. Rees*, 822 F.2d 1418, 1421 (6th Cir. 1987).

**Procedural Default.**  Procedural default may occur in two ways.  *Williams*, 460 F.3d at 806.  First, a petitioner procedurally defaults a claim if he fails "to comply with state procedural rules in presenting his claim to the appropriate state court." *Id*.  In *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986), the Sixth Circuit provided four prongs of analysis to be used when determining whether a claim is barred on habeas corpus review due to petitioner's failure to comply with a state procedural rule: (1) whether there is a state procedural rule applicable to petitioner's claim and whether petitioner failed to comply with that rule; (2) whether the state court enforced the procedural rule; (3) whether the state procedural rule is an adequate and independent state ground on which the state can foreclose review of the federal constitutional claim and (4) whether the petitioner can demonstrate cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error.  *See also Williams*, 460 F.3d at 806 ("If, due to the petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.") (citing *Maupin*, 785 F.2d at 138).

Second, "a petitioner may procedurally default a claim by failing to raise a claim in state court, and pursue that claim through the state's 'ordinary appellate review procedures.'"

*Williams*, 460 F.3d at 806 (citing *O'Sullivan*, 526 U.S. at 848). "If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted." *Id*. While the exhaustion requirement is technically satisfied because there are no longer any state remedies available to the petitioner, *see Coleman v. Thompson,* 501 U.S. 722, 732 (1991), the petitioner's failure to have the federal claims considered in the state courts constitutes a procedural default of those claims that bars federal court review. *Williams,* 460 F.3d at 806.

To overcome a procedural bar, a petitioner must show cause for the default and actual prejudice that resulted from the alleged violation of federal law or that there will be a fundamental miscarriage of justice if the claims are not considered. *Coleman*, 501 U.S. at 750.

**Merits Review**. In order to obtain habeas relief under 28 U.S.C. § 2254(d), a petitioner must show either that the state court decision (1) resulted in a decision contrary to, or involving an unreasonable application of, clearly established federal law as determined by the United States Supreme Court ("contrary to" clause); or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings ("unreasonable application" clause). *Id*.

"Under the 'contrary to' clause, a federal habeas court may grant a writ if the state court arrives at a conclusion opposite to that reached by the [United States Supreme] Court on a question of law or [based on] a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000). Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from th[e] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. "Clearly established federal law" refers to the holdings, not dicta, of the Supreme Court's decisions as of the time of the relevant state court decision, as well as legal principals

6

and standards flowing from Supreme Court precedent. *Id*. at 412; *Ruimveld v. Birkett*, 404 F.3d 1006, 1010 (6th Cir. 2005). A state court is not required to cite Supreme Court precedent or reflect an awareness of Supreme Court cases, "so long as neither the reasoning nor the result of the state-court decision contradicts" such precedent. *Early v. Packer*, 537 U.S. 3, 8 (2002); *Lopez v. Wilson*, 426 F.3d 339, 358 (6th Cir. 2005). If the Supreme Court has not addressed the petitioner's specific claims, a reviewing district court cannot find that a state court acted contrary to, or unreasonably applied, Supreme Court precedent or clearly established federal law. *Carey v. Musladin*, 549 U.S. 70, 77 (2006).

In determining whether the state court's decision involved an unreasonable application of law, the court employs an objective standard. *Williams*, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas review so long as 'fair-minded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)); *see also Bray v. Andrews*, 640 F.3d 731, 738 (6th Cir. 2011). "A state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Harrington*, 562 U.S. at 103.

### III. Claim Analysis

Moore sets forth two grounds for relief in his Petition. Doc. 1, pp. 5-7. Respondent argues that Moore's grounds fail on the merits.[2] The undersigned agrees, and recommends the Court find that Moore's grounds fail on the merits.

---

[2] Because Moore's grounds for relief were not properly presented to the Ohio Supreme Court, his grounds for relief appear to procedurally defaulted. *See Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004) (when a petitioner fails to file a direct appeal to the Ohio Supreme Court and his motion for delayed appeal is denied by the Ohio Supreme Court, the petitioner has procedurally defaulted those grounds). However, Respondent does not argue that Moore's grounds are procedurally defaulted. Thus, Respondent has waived this argument. *See Stojetz v. Ishee*, 389

**A. Ground One fails on the merits**

In Ground One, Moore argues that the Ohio Court of Appeals "failed to follow the mandates of the rulings handed down by the United States Supreme Court under *Jackson v. Virginia*." Doc. 1, p. 5. The undersigned disagrees. When the Ohio Court of Appeals considered Moore's sole ground for relief—his sufficiency of the evidence claim—it recited the *Jackson* standard:

> The proper analysis is "'whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *State v. Williams*, 74 Ohio St.3d 569, 576, 660 N.E.2d 724 (1996), quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

*Moore*, 2016 WL 3403320, at *2. This is the *Jackson* standard. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (In reviewing a claim that a petitioner's conviction was not supported by sufficient evidence, the relevant inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (emphasis in original)). Both cases cited by the Ohio Court of Appeals, *Williams* and *Jenks*, cited *Jackson*. And the Ohio Court of Appeals followed the standard in *Jackson* when it concluded that there was sufficient evidence presented at trial to affirm Moore's conviction. *Moore*, 2016 WL 3403320, at *3-4. Thus, Moore's assertion that the Ohio Court of Appeals failed to apply the correct standard when reviewing his sufficiency of the evidence claim fails on the merits.

**B. Ground Two fails on the merits**

In Ground Two, Moore argues that the state presented insufficient evidence that he "had in fact threatened any employees of the store," asserting that the two employees who testified at trial had given conflicting testimony. Doc. 1, p. 7. He also alleges that, in general, the evidence

---

F.Supp.2d 858, 910 (S.D.Ohio 2005) (the state's failure to raise the affirmative defense of procedural default at the first opportunity constitutes waiver, citing *Trest v. Cain*, 522 U.S. 87, 89 (1997)).

presented at trial does not establish every element of the crime that he was charged with. Doc. 1, p. 7.

As stated above, when a court reviews a claim that a petitioner's conviction was not supported by sufficient evidence, the court asks "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319. Under this standard, deference is due the factfinder's determination. *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009). The standard is not whether the trier of fact made the correct guilt or innocence determination but, rather, whether it made a rational decision to convict or acquit. *Herrera v. Collins*, 506 U.S. 390, 402 (1993). Thus, in making a determination as to sufficiency of evidence, a court does "not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute [its] judgment for that of the jury." *Brown*, 567 F.3d at 205; *see also Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003). "Circumstantial evidence alone is sufficient to support a conviction, and it is not necessary for the evidence to exclude every reasonable hypothesis except that of guilt." *Johnson v. Coyle*, 200 F.3d 987, 992 (6th Cir. 2000) (internal quotations and citations omitted); *see also Durr v. Mitchell*, 487 F.3d 423, 449 (6th Cir. 2007) ("circumstantial evidence is entitled to equal weight as direct evidence"). On federal habeas review, an additional layer of deference applies. *Brown*, 567 F.3d at 205; *Coleman v. Johnson*, 566 U.S. 650 (2012). Accordingly, even if this Court were to conclude that a rational trier of fact could not have found petitioner guilty beyond a reasonable doubt, the Court "must still defer to the *state appellate court's* sufficiency determination as long as it is not unreasonable." *Brown*, 567 F.3d at 205 (emphasis in original); *see also White v. Steele*, 602 F.3d 707, 710 (6th Cir. 2009).

9

After reciting the correct standard, the Ohio Court of Appeals considered the arguments raised by Moore in his sufficiency of the evidence claim:

> {¶ 9} R.C. 2911.02(A)(1) provides:
>
> > (A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
> >
> > (1) Have a deadly weapon on or about the offender's person or under the offender's control.
>
> {¶ 10} Here, appellant argues that the state failed to offer sufficient evidence to establish that he (1) committed a theft offense, (2) possessed a deadly weapon, or (3) brandished a weapon within the meaning of R.C. 2911.02. In response, the state contends that sufficient evidence was offered on every element of the offense of aggravated robbery. Because they are interrelated, we will address appellant's second and third arguments simultaneously.
>
> {¶ 11} Relating to appellant's first contention that there was insufficient evidence to establish a theft offense, R.C. 2913.02(A)(1) states:
>
> > (A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:
> >
> > (1) Without the consent of the owner or person authorized to give consent.
>
> {¶ 12} Under R.C. 2911.02(A)(1), the state was required to introduce evidence to demonstrate that appellant committed or attempted to commit a theft offense. The standard for criminal attempt is set forth in R.C. 2923.02(A), as follows: "(A) No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense." Criminal attempt is "an act or omission which constitutes a substantial step in a course of conduct planned to culminate in the party's commission of the crime." *State v. Clyde*, 6th Dist. Erie No. E–14–006, 2015–Ohio–1859, ¶ 24, citing *State v. Woods*, 48 Ohio St.2d 127, 357 N.E.2d 1059 (1976), paragraph one of the syllabus. A substantial step consists of conduct which is "strongly corroborative of the actor's criminal purpose." *Woods* at paragraph one of the syllabus.
>
> {¶ 13} In support of his first argument under his sole assignment of error, appellant argues that he abandoned any attempt at committing a theft offense when he returned the body spray upon request.
>
> {¶ 14} Abandonment is an affirmative defense to a charge of attempted theft under R.C. 2923.02(D), which states: "It is an affirmative defense to a charge under this section that the actor abandoned the actor's effort to commit the offense or otherwise prevented its

commission, under circumstances manifesting a complete and voluntary renunciation of the actor's criminal purpose." However, the defense of abandonment does not apply once criminal intent is formed and "such intent has been coupled with an overt act toward the commission of the contemplated offense." *State v. Cooper*, 52 Ohio St.2d 163, 178, 370 N.E.2d 725 (1977), *vacated in part on other grounds*, 438 U.S. 911, 98 S.Ct. 3137, 57 L.Ed.2d 1157 (1978).

{¶ 15} We previously addressed a similar argument in a case involving attempted theft of store merchandise in *State v. McGhee*, 6th Dist. Lucas No. L–06–1210, 2007–Ohio–6527. There, we held that the defendant's act of leaving a bag of merchandise on the floor after realizing he was being observed by the store manager did not absolve him from liability for an attempted theft offense. *Id.* at ¶ 23. Concerning the defense of abandonment, we concluded that the act of leaving the bag of merchandise on the floor "was not a complete and voluntary renunciation" because the defendant only relinquished control of the bag under threat of immediate apprehension by the store manager. To that end, we stated that "[a]bandonment is involuntary where it is motivated by circumstances not present at the inception of the defendant's conduct which increased the likelihood of detection or apprehension." *Id*.

{¶ 16} Similarly here, we find that the evidence presented at trial demonstrates that appellant's return of the body spray was not a complete and voluntary renunciation of his criminal purpose to commit a theft offense. At trial, Br.J. testified that she witnessed appellant place a can of body spray inside his shirt, demanded that he return the item to her, and followed him as he walked out of the front door and past all points of purchase. Appellant did not return the body spray until Br.J. threatened to call the police on him while the two were arguing in the vestibule.

{¶ 17} Moreover, the defense of abandonment is not applicable here since appellant committed the attempted theft before he returned the body spray. As noted above, the defense of abandonment does not apply once criminal intent is formed and "such intent has been coupled with an overt act toward the commission of the contemplated offense." *Cooper* at 178. The evidence submitted at trial supports a finding that appellant took a substantial step towards the commission of a theft offense before returning the body spray, namely the placement of the body spray inside his shirt for purposes of evading detection by store employees and exiting through the front door of the store beyond all points of purchase. Therefore, we find that the state presented sufficient evidence to discredit appellant's abandonment argument and establish appellant's attempt to commit a theft offense.

*Moore*, 2016 WL 3403320, at *2-3.

Moore argues that the evidence presented at trial shows that he did not leave the store with the body spray in his possession or even attempt to leave the store with the body spray. Doc. 9, p. 5. But Moore admits that he took a bottle of body spray, he was asked by store

11

employees to return it and to leave the store, he did not want to cooperate, and that, finally, while in the vestibule of the store, he "returned the spray and left." Doc. 9, p. 2. In other words, he committed a theft offense. He possessed the body spray, took it past all points of purchase, and returned the body spray only after being confronted by a store employee past all points of purchase, as the Ohio Court of Appeals found. The Ohio Court of Appeals' conclusion that there was sufficient evidence that Moore committed a theft offense was not unreasonable.

The Ohio Court of Appeals continued,

> {¶ 18} Next, appellant argues that the state presented insufficient evidence to demonstrate that he possessed a deadly weapon or brandished a weapon within the meaning of R.C. 2911.02. "Deadly weapon" is defined as "any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon." R.C. 2923.11(A). The Legislative Service Commission comment to R.C. 2923.11(A) identifies a knife as an example of a deadly weapon.
>
> {¶ 19} In his brief, appellant acknowledges the similarities between a knife and a box cutter. Further, a box cutter has been specifically held to be a deadly weapon under R.C. 2923.11. *State v. Freeman*, 11th Dist. Trumbull No.2011–T–0059, 2012–Ohio–2244, ¶ 13. Nonetheless, appellant contends that he did not possess, carry, or use the box cutter as a weapon in this case. We disagree.
>
> {¶ 20} At trial, Br.J. testified that appellant pulled the box cutter from his pocket, waved it at her, and said, "Bitch, I'll be waiting for you when you get off work." Based on this unrefuted testimony, we conclude that a factfinder could have found that appellant possessed, carried, or used the box cutter as a deadly weapon beyond a reasonable doubt.
>
> {¶ 21} In light of our review of the record, including the transcript of the proceedings and the video footage of the incident captured by Family Dollar surveillance cameras, we find that appellant's aggravated robbery conviction was supported by sufficient evidence. Accordingly, appellant's sole assignment of error is not well-taken.

*Moore*, 2016 WL 3403320, at *4.

Moore argues that the state failed to present any evidence that he carried a box cutter as a weapon and that it was designed for or specifically adapted for use as a weapon. Doc. 9, p. 6. He asserts that a box cutter is not a deadly weapon. Therefore, Moore submits, the state must present evidence to establish that he used or carried the box cutter as a weapon and that the state

failed to do this. Doc. 9, pp. 6-7. But the state did present evidence that Moore used the box cutter as a weapon, as the state Court of Appeals observed: unrefuted testimony by a store employee who stated that Moore waved the box cutter at her and said, "Bitch, I'll be waiting for you when you get off work."[3] That Moore now disputes the employee's account of events does not change the fact that the evidence was presented at trial and that the Ohio Court of Appeals' conclusion based on this evidence was not unreasonable. *See Brown*, 567 F.3d at 205 (in making a determination as to sufficiency of evidence, a court does "not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute [its] judgment for that of the [factfinder].").

Finally, Moore argues that there was no evidence that the store employees feared him or had any concerns for their safety. Doc. 9, p. 7. But the store employee testified that Moore's behavior was threatening and that it caused her to become so scared she transferred to a different store. *Moore*, 2016 WL 3403320, at *1; see also Doc. 7-2, pp. 18, 20 (store employee's testimony).

In sum, it cannot be said that the Ohio Court of Appeals' decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *See Harrington*, 562 U.S. at 103. Accordingly, Ground Two fails on the merits.

---

[3] Moore did not testify at trial. The other store employee had gone back to her checkout counter and did not witness the above-cited exchange. Doc. 7-2, p. 49.

## IV. Conclusion and Recommendation

For the reasons stated above, the undersigned recommends that Moore's habeas Petition be **DENIED** because both his grounds for relief fail on the merits.

Dated: August 16, 2017

Kathleen B. Burke
United States Magistrate Judge

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); s*ee also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).