**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| SAMMY C. MOORE, JR., | ) | CASE NO. 3:17CV130 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| NEIL TURNER, | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court on Petitioner Sammy C. Moore, Jr.'s Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF #1). For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation and denies Petitioner's Petition.

## FACTS

The following is a factual synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated, provides a more complete and detailed discussion of the facts.

1

On May 5, 2015, Petitioner was charged with one count of Aggravated Robbery. Following a bench trial, the trial court found Petitioner guilty and sentenced him to eight years in prison. Petitioner appealed his sentence to the Court of Appeals on August 7, 2015. On June 17, 2016, the Court of Appeals affirmed the judgment of the trial court. On August 18, 2016, Petitioner filed a Notice of Appeal and a Motion for a Delayed Appeal to the Ohio Supreme Court. On October 26, 2016, the Ohio Supreme Court summarily denied Petitioner's Motion and dismissed the case.

Petitioner filed the instant Petition on January 9, 2017, asserting the following Grounds for Relief:

> **GROUND ONE:** The Defendant-Appellant[']s United States Constitution Fourteenth Amendment right was violated when the Appellate Court affirmed the Trial Court[']s judgment of conviction and sentence.
>
> **GROUND TWO:** The Defendant-Appellant[']s United States Constitution Fourteenth Amendment right was violated when the State failed to present sufficient evidence to prove every clement of the crimes charged beyond a reasonable doubt as mandated by the ruling in *Jackson v Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560.

On January 23, 2017, this Court referred Petitioner's Petition to the Magistrate Judge for a Report and Recommendation. The Magistrate Judge issued her Report and Recommendation on August 16, 2017. Petitioner failed to file a timely objection and on September 7, 2017, the Court adopted the Report and Recommendation and dismissed the case. On September 8, 2017, Petitioner filed an Objection to the Report and Recommendation. On September 25, 2017, Petitioner filed a Motion for Reconsideration and the same Objections to the Report and Recommendation. On March 26, 2018, the Court granted Petitioner's Motion and re-opened the case. The Court notes that Petitioner's grounds for relief were not properly presented to the Ohio

2

Supreme Court and appear to be procedurally defaulted. However, Respondent has waived this argument. Therefore, the Court will address Petitioner's claims on the merits.

## **STANDARD OF REVIEW**

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

**ANALYSIS**

In Ground One, Petitioner argues that the Court of Appeals failed to follow the mandates of the rulings handed down by the United States Supreme Court under *Jackson v Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560. In Ground Two, Petitioner argues that his constitutional rights were violated under *Jackson*. In the Report and Recommendation, the Magistrate Judge points out that the Ohio Court of Appeals considered the *Jackson* standard in its ruling.

In order to obtain habeas relief under 28 U.S.C. § 2254(d), a petitioner must show either that the state court decision (1) resulted in a decision contrary to, or involving an unreasonable application of, clearly established federal law as determined by the United States Supreme Court ("contrary to" clause); or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings ("unreasonable application" clause). *Id.*

The Court of Appeals followed the standard in *Jackson* when it concluded that after viewing the evidence in a light most favorable to the prosecution, there was sufficient evidence presented at trial to affirm Petitioner's conviction. The Magistrate Judge points out that the Court of Appeals recited the *Jackson* standard in its ruling. It is clear that the Court of Appeals followed the mandates of *Jackson*. Therefore, the conclusion reached by the Court of Appeals is not contrary to clearly established federal law. The Court agrees with the Magistrate Judge that Ground One fails on the merits.

In Ground Two, Petitioner argues that the evidence presented at trial does not establish every element of the crime. As the Magistrate Judge states in the Report and Recommendation, when a court reviews a claim that a petitioner's conviction was not

4

supported by sufficient evidence, the court asks "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319. Under this standard, deference is due the fact finder's determination. *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009).

The record shows that the Court of Appeals considered Petitioner's sufficiency arguments and correctly concluded that Petitioner committed the theft offense. The record shows that the Court of Appeals reviewed the evidence regarding the box cutter as a weapon and correctly concluded the state had sufficient evidence to prove it at trial. "A state court's determination that a claim lacks merit precludes federal habeas review so long as 'fair-minded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

Here, the Court agrees with the Magistrate Judge that it cannot be said that the Ohio Court of Appeals' decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *See Harrington*, 562 U.S. at 103. Therefore, the Court finds that Ground Two is without merit.

For the foregoing reasons, the Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's well-reasoned Report and Recommendation, and denies Petitioner's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3). Since Petitioner has not made a substantial showing of a denial

of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

    IT IS SO ORDERED.

Date:4/4/2018

s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge